United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| EMOTIV, INC.,<br>Plaintiff,<br>v.<br>NEW AUDIO, LLC, et al.,<br>Defendants. | Case No. 26-cv-05603-LB<br><br>**ORDER GRANTING MOTION FOR LEAVE TO SERVE BY ALTERNATE MEANS AND EXTENDING TIME FOR SERVICE OF PROCESS**<br><br>Re: ECF No. 7 |

## INTRODUCTION AND STATEMENT

The plaintiff asserts claims for breach of contract and fraud arising out of an intellectual property licensing agreement.[1] The defendants are New Audio, an LLC, and its CEO, Jonathan Levine.[2] The plaintiff has been unable to serve both defendants and moves for leave to serve them by email and first-class mail. The plaintiff also requests an extension of time for service.[3] The plaintiff has established diligent efforts to serve the defendants, and the court grants the motion.

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 1 (¶¶ 2–3).

[3] Mot. – ECF No. 7 at 3, 7.

United States District Court
Northern District of California

On September 5, 2023, the plaintiff entered a licensing agreement with the defendants related to the plaintiff's intellectual property.[4] The agreement provides that notices to the defendants shall be sent to 132 W. 31st Street, Suit 701, New York, NY 10001, Attn: Jonathan Levine, CEO; Email: jonathan@masterdynamic.com.[5] The plaintiff alleges that the defendants breached the licensing agreement by failing to perform and that the defendants fraudulently induced it to enter an addendum to the agreement.[6] It filed the operative complaint on June 10, 2026; the summons was issued on June 11, 2026.[7]

After filing the complaint, the plaintiff attempted personal service on the defendants at five separate addresses: the notice address in the agreement, the LLC's registered service address on file with the New York Department of State, two business addresses associated with New Audio, and Mr. Levine's last known address. Each attempt at service was unsuccessful.[8] The defendants no longer occupy the premises located at the notice address; the registered service address is a commercial mail drop and the clerk would not confirm if the defendants hold a box there; no one answered the telephone at Mr. Levine's last known address, the doorman refused to confirm if Mr. Levine still lives there, and the plaintiff's process server was denied access; and the doorman at one of the business addresses represented that New Audio is not listed there.[9] The other business address was the New York Secretary of State, which refused service because the plaintiff's suit is not a pending New York state court action.[10]

The plaintiff has consented to magistrate-judge jurisdiction.[11] 28 U.S.C. § 636(c).

---

[4] Compl. – ECF No. 1 at 3 (¶¶ 11, 13).

[5] Roberts Decl. – ECF No. 7-1 at 2–3 (¶ 5).

[6] *Id.* at 7–8 (¶¶ 36–54)

[7] Compl. – ECF No. 1; Summons – ECF No. 4.

[8] Roberts Decl. – ECF No. 7-1 at 2–3 (¶¶ 4–5); Serv. Docs., Exs. A–C to *id.*

[9] Roberts Decl. – ECF No. 7-1 at 2 (¶ 4(a)–(d)); Serv. Docs., Exs. A–C to *id.*

[10] Roberts Decl. – ECF No. 7-1 at 2 (¶ 4(e)); Serv. Doc., Ex. A.

[11] Consent – ECF No. 6.

## ANALYSIS

The plaintiff has been unable to serve the defendants and moves the court for leave to serve them by email and first-class mail. The plaintiff also requests an extension of ninety days for service.[12] Given the plaintiff's multiple unsuccessful service attempts, the court grants the motion.

### 1. Service on Defendant New Audio

Under Federal Rule of Civil Procedure 4(h), a corporation or partnership must be served in a judicial district of the United States in the manner prescribed by Rule 4(e)(1) for serving an individual (i.e., "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made") or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1).

"Under California law, a corporation or limited liability company can be served by delivering the summons and complaint to one of an enumerated list of individuals, including the designated agent for service of process or the general manager of the entity." *Johnson v. Huong-Que Rest.*, No. 21-cv-04133-BLF, 2022 WL 658973, at *2 (N.D. Cal. Mar. 4, 2022) (citing and quoting Cal. Civ. Proc. Code § 416.10) (other citation omitted); *see also* Cal. Civ. Proc. Code § 416.10 (rules for serving corporations); *id.* § 416.20 (service on corporation that has forfeited its right to do business); *id.* § 416.40 (rules for serving partnerships, other unincorporated associations, and nonresident business entities); Cal. Corp. Code § 17701.16(b) (service on LLCs); *Van v. Black Angus Steakhouses, LLC*, No. 5:17-cv-06329-EJD, 2018 WL 2763330, at *2–3 (N.D. Cal. June 8, 2018) (applying § 17701.16(b) to nonresident LLC); *Heidorn v. BDD Mktg. & Mgmt. Co.*, No. C-13-00229-JCS, 2013 WL 6571629, at *7 (N.D. Cal. Aug. 19, 2013) (analyzing service under §

[12] Mot. – ECF No. 7 at 3.

415.10 and observing that an LLC, including the nonresident LLC in the lawsuit, can be served under § 416.40).

Here, the plaintiff has shown diligent efforts to serve New Audio by attempting service at five separate addresses associated with it: its notice address (as provided in the licensing agreement), its registered service address, two business addresses, and the last known address of its CEO (Mr. Levine). None of these efforts being successful, service by (1) email to Mr. Levine at the address listed in the licensing agreement (jonathan@masterdynamic.com), (2) first-class mail to New Audio's registered service address (1178 Broadway Fl 3 PMB 1205, New York, NY 10001) and (3) first-class mail to Mr. Levine's last known address (930 Park Avenue Apt 13, New York, NY 10028) is reasonably calculated to provide it with actual notice.

**2. Service on Defendant Jonathan Levine**

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual defendant using any method permitted by the law of the state in which the district court is located or in which service is effected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail that requires a return receipt, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

California Code of Civil Procedure § 413.30 also provides that a court "may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party served." Courts in this district have authorized service by email under California Civil Procedure Code § 413.30. *See, e.g.*, *Cisco Sys., Inc. v. Shaitor*, No. 18-cv-00480-LB, 2018 WL 3109398, at *3–4 (N.D. Cal. June 25, 2018); *GSV Futures LLC v. Casmain, LP*, No. 22-cv-05449-LB, 2022 WL 16856361, at *3 (N.D. Cal. Nov. 10, 2022) (courts in this district have allowed service by social media, including LinkedIn and Twitter, "where there was evidence that the parties being served regularly used those means to communicate") (collecting cases); *Twitch Interactive, Inc. v.*

*FishwoodCo GMBH dba Loots*, No. 22-cv-03218-VKD, 2022 WL 16953640, at *3 (N.D. Cal. Nov. 15, 2022) (authorizing service by email and allowing additional service via LinkedIn and Twitter accounts because it was "likely to enhance Twitch's efforts to 'apprise interested parties of the pendency of the action and afford them an opportunity to present their objections'").

For the same reasons discussed above in Section 2, the plaintiff has shown diligent efforts to serve Mr. Levine. Service by (1) email to Mr. Levine at the address listed in the licensing agreement (jonathan@masterdynamic.com), (2) first-class mail to New Audio's registered service address (1178 Broadway Fl 3 PMB 1205, New York, NY 10001) and (3) first-class mail to Mr. Levine's last known address (930 Park Avenue Apt 13, New York, NY 10028) is reasonably calculated to provide him with actual notice.

**3. Extension of Time for Service**

The plaintiff's efforts also support good cause to extend the time for service, and the court grants the requested extension of ninety days. Fed. R. Civ. P. 4(m).

## CONCLUSION

The court grants the motion. The plaintiff is permitted to serve the defendants by email at jonathan@masterdynamic.com; first-class mail to 1178 Broadway Fl 3 PMB 1205, New York, NY 10001; and first-class mail to 930 Park Avenue Apt 13, New York, NY 10028. In accordance with California Code of Civil Procedure § 415.40, service will be deemed complete on the 10th day after mailing. Cal. Civ. Proc. Code § 415.40. The court extends the time to serve the defendants to October 31, 2026.

**IT IS SO ORDERED.**

Dated: July 31, 2026

LAUREL BEELER
United States Magistrate Judge